# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRENDA G. EDLIN,                             ) | |
| Individually, and as representative   ) | CIVIL ACTIONS |
| of the wrongful death and as            ) | |
| personal representative of the estate ) | Nos. 09-2618-KHV, 09-2624-KHV, 09-2625-KHV |
| of Aaron W. (Pete) Edlin,                  ) | 09-2626-KHV, 09-2627-KHV, 09-2628-KHV, |
|                                                          ) | 09-2629-KHV, 09-2630-KHV, 09-2631-KHV, |
|           Plaintiff,                                ) | 09-2632-KHV, 09-2633-KHV, 09-2634-KHV, |
| v.                                                     ) | 09-2635-KHV, 09-2636-KHV, 09-2637-KHV, |
|                                                          ) | 09-2638-KHV, 09-2639-KHV, 09-2640-KHV, |
| UNITED STATES OF AMERICA, ) | 09-2641-KHV, 09-2642-KHV, 09-2643-KHV, |
| et al.,                                                ) | 09-2644-KHV, 09-2645-KHV, 09-2646-KHV |
|           Defendants.                          ) | 10-2013-KHV |
| _____) | |

## MEMORANDUM AND ORDER

Plaintiff, Brenda G. Edlin, individually and/or on behalf of the estate of her late husband, Aaron W. (Pete) Edlin, filed the 25 above-captioned cases against the United States and various other defendants. The Clerk randomly assigned the first-filed case to the undersigned judge. Under District of Kansas policy and at the direction of the undersigned Chief Judge, the Clerk re-assigned all 25 of the related cases which were not already so assigned to the undersigned judge. The undersigned judge consulted with the various magistrate judges assigned to the 25 cases and determined that Magistrate Judge James P. O'Hara should handle all of the related cases.[1]

On January 13, 2010, Judge O'Hara held a status conference for all of the above cases. On January 14, 2010, in all 25 cases, Judge O'Hara overruled plaintiff's motions for leave to proceed in forma pauperis ("IFP") and plaintiff's motions for appointment of counsel. See Order (Doc. #9 in Case No. 09-2618) at 3. Judge O'Hara ordered plaintiff to pay the $350 filing fee in each of the cases by January 28, 2010. See id. at 2. On February 2, 2010, on plaintiff's motion, Judge O'Hara

---

[1] The docket sheet now reflects that the Court referred all of the cases to Judge O'Hara.

granted plaintiff an extension until February 22, 2010 "to file a supplemental financial affidavit [regarding her request to proceed IFP] and a single amended complaint." Order (Doc. #13 in Case No. 09-2618) at 2. Plaintiff did not file a response. On February 26, 2010, Judge O'Hara recommended that the Court deny plaintiff's requests to proceed IFP and to dismiss the above-captioned cases with prejudice for lack of prosecution. See Report And Recommendation (Doc. #18 in Case No. 09-2618).[2] On March 2, 2010, the Court received a letter from plaintiff. See Doc. #19 in Case No. 09-2618. Plaintiff's letter purports to respond to Judge O'Hara's order of February 2, 2010, but she has not provided a supplemental financial affidavit or an amended complaint and she has not requested additional time to file such documents. Plaintiff vaguely refers to her lawsuits, but she does not explain why any of them in particular should proceed, if at all, or why the Court should allow her to file any of the cases without paying the filing fee. See, e.g., Letter (Doc. #19 in Case No. 09-2618) at 1 ("I do not chose [sic] nor have the desire to cross the line even to establish all the Federal Suits that I was forced to file that have full validity, worth every moment and dollar of Judicial and Economical, Federal Consideration."). Judge O'Hara correctly determined that plaintiff did not qualify for IFP status and that her complaints should be dismissed because she did not pay the required filing fee, submit supplemental financial information or request an extension of time by the deadline of February 22, 2010.[3] For substantially the reasons stated in Judge

---

[2] The Clerk's Office sent a copy of the report and recommendation to plaintiff by both regular and certified mail. On March 25, 2010, the copy sent by certified mail was returned to the Clerk's Office as unclaimed.

[3] Section 1915(a) states that a district court "may authorize the commencement . . . of any suit [or] action . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." See Lister v. Dep't of the Treasury, 408 F.3d 1309, 1312
(continued...)

O'Hara's orders (Doc. ##9, 13 in Case No. 09-2618) and in his Report And Recommendation (Doc. #18 in Case No. 09-2618) filed February 26, 2010, the Court dismisses all of the above captioned cases without prejudice for non-payment of the filing fee.[4]

**IT IS THEREFORE ORDERED** that the Court adopts Magistrate Judge O'Hara's Report And Recommendation filed February 26, 2010 in its entirety in all 25 of the above-captioned cases. Plaintiff's requests to proceed in forma pauperis is **OVERRULED** in all of these cases. Plaintiff's complaint in all 25 of the above-captioned cases is **DISMISSED without prejudice** for failure to pay the filing fee.

Dated this 6th day of April, 2010, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[3](...continued)
(10th Cir. 2005) (Section 1915(a) applies to all persons applying for IFP status). A magistrate judge does not abuse his discretion in denying IFP status where the plaintiff fails to provide the requisite information. See Lemons v. K.C. Mo. Police, 158 Fed. Appx. 159, 160 (10th Cir. Dec. 13, 2005); Lister, 408 F.3d at 1313.

[4] Judge O'Hara recommended that the dismissal be with prejudice for lack of prosecution. Because plaintiff subsequently filed a letter which attempts to describe the circumstances and factual background of her cases, the Court declines to dismiss plaintiff's cases with prejudice for lack of prosecution.